TONY WEST
Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director
United States Department of Justice, Civil Division
Federal Programs Branch

BONNIE J. PROBER
Trial Attorney
United States Department of Justice, Civil Division
Federal Programs Branch
P.O. Box 883
Washington, DC 20044
(202) 305-0528
(202) 616-8470 (fax)
Bonnie.Prober@usdoj.gov

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. AGUIRRE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES<br>DEPARTMENT OF THE<br>TREASURY,<br><br>　　　　　Defendant. | Civil No. 09cv1283 (MMA)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**<br><br>Date:　　　August 31, 2009<br>Time:　　　2:30 pm<br>Courtroom:　5<br>The Honorable Michael M. Anello |

Defendant United States Department of the Treasury ("Department of Treasury") hereby

offers the following memorandum of points and authorities in support of its motion to dismiss the

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

# INTRODUCTION

Plaintiff Michael J. Aguirre brings this action against the Department of Treasury under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking declaratory relief and production of records concerning certain transactions between the Federal Reserve System and American International Group, Inc.  Following receipt of four FOIA requests submitted by Mr. Aguirre, the Department of Treasury informed Mr. Aguirre that he was required to provide advance payment of the fees associated with his requests before his requests could be processed.  Mr. Aguirre failed to provide advance payment, as required by agency regulations, and thus failed to exhaust his administrative remedies prior to filing the present action.  Accordingly, Mr. Aguirre's Complaint must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

# FACTUAL BACKGROUND

On May 7, May 8, and May 11, 2009, Mr. Aguirre submitted four separate FOIA requests to the Department of the Treasury seeking documents "concerning the transactions between the Federal Reserve System (the "Fed") and American International Group, In. (AIG), a Delaware corporation, as part of the Maiden Lane lending program." Compl. ¶¶ 1, 20-23; Ltr. from M. Aguirre to T. Geithner dated May 7, 2009 (attached hereto as Ex. A); Ltr. from M. Aguirre to T. Geithner dated May 8, 2009 (attached hereto as Ex. B); Ltr. from M. Aguirre to T. Geithner dated May 8, 2009 (attached hereto as Ex. C); Ltr. from M. Aguirre to T. Geithner dated May 11, 2009 (attached hereto as Ex. D).

1   By letter dated May 8, 2009, the Director of Disclosure Services for the Department of

2   Treasury, Hugh Gilmore, responded to Mr. Aguirre's May 7, 2009 request by informing him that,

3   in accordance with agency regulations, he was required to provide an agreement to pay applicable

4   fees. Compl. ¶ 24; Ltr. from H. Gilmore to M. Aguirre dated May 8, 2009 (attached hereto as Ex.

5   E). Specifically, before Mr. Aguirre's request could be processed, he was required to "provide an

6   amount (not less than twenty-five (25) dollars for which [he] agree[d] to pay." Ex. E. Mr. Gilmore

7   further informed Mr. Aguirre that "[a]mounts in excess of $250 require a prepayment." Id. On May

8   14, 2009, Mr. Aguirre agreed to pay up to $25.00 for each of his four requests. Compl. ¶ 25; Ltr.

9   from M. Aguirre to T. O'Connor dated May 14, 2009 (attached hereto as Ex. F).

10   By letter dated June 12, 2009, Mr. Gilmore informed Mr. Aguirre that the Department of

11   Treasury had exhausted the two hours of free search time to which Mr. Aguirre was entitled under

12   FOIA, and that the cost of continuing the search for responsive records would exceed Mr. Aguirre's

13   stated fee limits. See Ltr. from H. Gilmore to M. Aguirre dated June 12, 2009 (attached hereto as

14   Ex. G). Mr. Gilmore explained that, pursuant to agency regulations, Mr. Aguirre's four requests had

15   been aggregated for purposes of determining the total amount of free pages and search time to which

16   Mr. Aguirre was entitled, based on the closely related subjects of Mr. Aguirre's requests as well as

17   the time period in which his requests were submitted. Id. Mr. Gilmore estimated that the total cost

18   to complete the search for records responsive to Mr. Aguirre's four requests would be $555.82. Id.

19   Mr. Gilmore informed Mr. Aguirre that, pursuant to agency regulations, he was required to make an

20   advance payment of the entire estimated fee or, alternatively, reformulate his requests in order to

21   meet his needs at a lower cost before the Department of Treasury could continue processing his

-3-

1    requests. Id. Finally, Mr. Gilmore notified Mr. Aguirre that, to the extent he considered the June

2    12, 2009 letter to be an adverse determination, Mr. Aguirre was entitled to file an administrative

3    appeal with the Department of Treasury. Id.

4           Mr. Aguirre did not submit advance payment to the Department of Treasury or reformulate

5    his requests. Nor did he pursue an administrative appeal. Rather, on June 12, 2009, the same date

6    as Mr. Gilmore's letter informing Mr. Aguirre of the advance payment requirement, Mr. Aguirre

7
8    filed a Complaint against the Department of Treasury seeking declaratory relief and production of

9    records under FOIA.

10

11                                    **STANDARD OF REVIEW**

12

13          "A federal court is presumed to lack jurisdiction in a particular case unless the contrary

14    affirmatively appears." Stock West, Inc., v. Confederated Tribes of the Colville Reservation, 873

15    F.2d 1221, 1225 (9th Cir. 1989); see also Unigard Ins. Co. v. Dep't of the Treasury, 997 F. Supp.

16    1339, 1341 (S.D. Cal. 1997). The plaintiff, as the party seeking to invoke the court's jurisdiction,

17    bears the burden of establishing subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co.

18    of America, 511 U.S. 375, 377 (1994); see also Polanski v. KLM Royal Dutch Airlines, 378 F. Supp.

19    2d 1222, 1228 (S.D. Cal. 2005); Macleod v. IRS, 2002 WL 1869412, *1 (S.D. Cal. June 7, 2002);

20    Unigard Ins. Co., 997 F. Supp. at 1341.

21          A challenge to jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "can be either

22    facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look

23    beyond the complaint." Savage v. Glendale High Sch., 343 F.3d 1036, 1039-40 n.2 (9th Cir. 2003)

24

25                                              -4-

(citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Gary v. Hawthron, 2007 WL 2781098, *3 (S.D. Cal. Sept. 19, 2007); Polanski, 378 F. Supp. 2d at 1228. In a facial attack, the court must consider allegations in the complaint as true; however, in a factual attack – such as Defendant's present motion to dismiss – the court makes its own determination of the facts and "need not presume the truthfulness of the plaintiff's allegations." White, 227 F.3d at 1242; see also DeLancie v. Birr, Wilson & Co., 648 F.2d 1255, 1258 n.3 (9th Cir. 1981); Polanski, 378 F. Supp. 2d at 1228.

## ARGUMENT

Exhaustion of administrative remedies is a condition precedent to judicial review under FOIA. See Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61-2 (D.C. Cir. 1990); see also Lumarse, Inc. v. Dep't of Health & Human Servs., 1999 WL 644355, *5 (9th Cir. Aug. 24, 1999); In re Steele, 799 F.2d 461, 465 (9th Cir. 1986); Booth v. IRS, 2009 WL 2031766, *3 (E.D. Cal. July 9, 2009); Banks v. Dep't of Justice, 538 F. Supp. 2d 228, 232 (D.D.C. 2008). If a plaintiff fails to exhaust administrative remedies, the court lacks subject matter jurisdiction to adjudicate the claim. See, e.g., In re Steele, 799 F.2d at 465 (failure to exhaust administrative remedies "deprive[s] the district court of the authority to issue an order compelling disclosure of the requested information," and requires "dismiss[al] for lack of jurisdiction"); Booth, 2009 WL 2031766 at *3; Trueblood v. United States Dep't of the Treasury, IRS, 943 F. Supp. 64, 68 (D.D.C. 1996). Before a requester can bring an action under FOIA, he must request specific information in accordance with published administrative procedures, and that request must be improperly denied. See U.S.C. § 552(a)(3)(A);

In re Steele, 799 F.2d at 466. Where a requester has failed to comply fully with agency procedures, the court should assert its lack of jurisdiction under the exhaustion doctrine. In re Steele, 799 F.2d at 466; see also Lumarse, Inc., 1999 WL 644355 at *5; Booth, 2009 WL 2031766 at *3.

The purposes and policies of the exhaustion requirement are to prevent premature interference with agency processes, to give the parties and the courts the benefit of the agency's experience an expertise, and to compile an adequate record for review. See Francis v. FBI, 2008 WL 1767032, *6 (E.D. Cal. Apr. 16, 2008); see also Oglesby, 920 F.2d at 61; In re Steele, 799 F.2d at 466. "The policies underlying the exhaustion requirement would be served by applying the principle here." Kurdyukov v. Drug Enforcement Admin., 578 F. Supp. 2d 61, 65 (D.D.C. 2008).

Under FOIA, the agency to which the request is directed has 20 days (excepting weekends and legal holidays) after receipt of a perfected request for documents to determine whether it will produce or withhold the requested documents. See 5 U.S.C. § 552(a)(6)(A)(I). If the agency denies the request, the requester must exhaust the administrative appeals process before filing suit in district court. See 5 U.S.C. § 552(a)(6)(A)(ii). If, on the other hand, the agency does not comply with the request within the applicable time limit, the requester is deemed to have constructively exhausted his administrative remedies. See 5 U.S.C. § 552(a)(6)(C)(I).

Pursuant to Department of Treasury regulations, a FOIA request "must state the firm agreement of the requester to pay the fees for search, duplication and review as may ultimately be determined . . . The agreement may state the upper limit (but not less than $25) that the requester is willing to pay for processing the request." 31 C.F.R. § 1.5(b)(7). If the agency determines or estimates that the total cost of processing the request will exceed $250.00, the agency may require

1   the requester to make an advance payment before it continues to process the request. 31 C.F.R.

2   § 1.7(f)(3); 52 Fed. Reg. 10012, 10020 (Mar. 27, 1987). Moreover, if the agency reasonably believes

3   that a requester is attempting to break a request down into a series of requests for the purpose of

4   evading the assessment of fees, the agency shall aggregate any such requests and charge accordingly.

5   31 C.F.R. § 1.7(h); 52 Fed. Reg. 10012, 10019 (Mar. 27, 1987). One element to be considered in

6   determining whether a belief is reasonable is the time period in which the requests have occurred.

7   52 Fed. Reg. 10012, 10019-20 (Mar. 27, 1987) ("For example, it would be reasonable to presume

8   that multiple requests of this type made within a 30-day period had been made to avoid fees.").

9   
10      The 20-day time limit for responding to requests under FOIA begins only after the agency

11  has received the fees associated with the FOIA request. 31 C.F.R. § 1.7(e)(3) (the administrative

12  time limit of 20 days shall begin only after fees have been paid, a written agreement to pay fees has

13  been provided, or a request has been reformulated); 52 Fed. Reg. 10012, 10020 (Mar. 27, 1987) (the

14  administrative time limit prescribed in subsection (a)(6) of the FOIA will begin only after the agency

15  has received fee payments); see also Pollack v. Dep't of Justice, 49 F.3d 115, 120 (4th Cir. 1995);

16  Kuchta v. Harris, 1993 WL 87703, *4 (D. Md. Mar. 25, 1993). Likewise, it is well-established that

17  "[e]xhaustion does not occur until the required fees are paid or an appeal is taken from the refusal

18  to waive fees." Oglesby, 920 F.2d at 66; see also Trenerry v. IRS, 78 F.3d 598 (10th Cir. 1996)

19  (affirming dismissal of FOIA action for failure to exhaust administrative remedies where plaintiff

20  failed to prepay agency fees associated with request); County of Santa Cruz v. Ctr. for Medicare &

21  Medicaid Servs., 2009 WL 816633, *1 (N.D. Cal. Mar. 26, 2009) (dismissing plaintiff's FOIA claim

22  
23  for failure to exhaust administrative remedies where plaintiff failed to pay the full amount of the

24  

25

search fees assessed by CMS); <u>Banks v. Dep't of Justice</u>, 538 F. Supp. 2d 228, 232 (D.D.C. 2008) (dismissing plaintiff's claims where plaintiff failed to submit in advance the cost of processing his aggregated claims and, thus, failed to exhaust administrative remedies); <u>Kurdyukov</u>, 578 F. Supp. 2d at 65 (plaintiff's nonpayment of fees necessary to process his request constituted a failure to exhaust administrative remedies); <u>Kumar v. United States Dep't of Justice</u>, 2007 WL 537723, *3 (D.D.C. Feb. 16, 2007) (plaintiff failed to exhaust administrative remedies where he did not make advance payment of the required fees for the continued search for records responsive to his request). Commencement of a civil action pursuant to FOIA does not relieve a requester of his obligation to pay any required fees. <u>See, e.g.</u>, <u>Banks</u>, 538 F. Supp. 2d at 232; <u>Kurdyukov</u>, 578 F. Supp. 2d at 65; <u>Francis</u>, 2008 WL 1767032 at *6.

In this case, the Department of Treasury notified Mr. Aguirre on June 12, 2009, that the cost of processing his requests would exceed $250.00 and, thus, that he was required either to submit advance payment of the total estimated cost or reformulate his requests before the Department of Treasury could continue to process his requests.[1] The Department of Treasury also expressly notified Mr. Aguirre of his right to appeal the June 12, 2009 letter and provided instructions on how to submit such an appeal. Mr. Aguirre, however, chose not to submit advance payment or reformulate his requests in accordance with published administrative procedures. Nor did he otherwise respond to or pursue an administrative appeal of Mr. Gilmore's letter of June 12, 2009. Rather, Mr. Aguirre filed suit that very same day. In so doing, Mr. Aguirre failed to exhaust his administrative remedies.

---

[1]   Significantly, Mr. Aguirre had been informed several weeks earlier, on May 8, 2009, that "[a]mounts in excess of $250 require prepayment." <u>See</u> Ex. E.

-8-

It is well-established that, pursuant to FOIA and the regulations promulgated thereunder, the 20-day time period within which an agency is required to respond does not begin to run, and thus exhaustion does not occur, until the agency has received the applicable fees or the request has been reformulated.  Therefore, unless and until Mr. Aguirre made advance payment in the amount of $555.82 (the estimated cost to complete the search for documents responsive to Mr. Aguirre's aggregated requests[2]) or reformulated his requests, his requests were not perfected, and the Department of Treasury had no obligation to respond to the requests.[3] See Booth, 2009 WL 2031766 at *3 (quoting Flowers v. IRS, 307 F. Supp. 2d 60, 67 (D.D.C. 2004)) ("[O]nly a valid FOIA request can trigger an agency's FOIA obligations, and . . . 'failure to file a perfected request therefore constitutes failure to exhaust administrative remedies.'").  To the extent Mr. Aguirre construed Mr. Gilmore's June 12 letter to be an adverse determination, he was entitled – and, indeed, required – to pursue an administrative appeal prior to filing a lawsuit in the District Court.  See id. (quoting

---

[2]    Mr. Aguirre's four FOIA requests each sought documents related to the Maiden Lane lending program and each was filed within a four day period.  Accordingly, his requests properly were aggregated for purposes of assessing fees pursuant to 31 C.F.R. § 1.7(h) and 52 Fed. Reg. 10012, 10019-20 (Mar. 27, 1987).

[3]    Assuming, *arguendo*, that the applicable time period within which the Department of Treasury was required to respond to Mr. Aguirre's requests began to run upon Mr. Aguirre's May 14, 2009 agreement to pay up to $25.00 in fees per request, Mr. Aguirre still failed to exhaust his administrative remedies prior to filing this action.  Indeed, June 12, 2009, fell on the 20th day (excluding weekends and legal holidays) after Mr. Aguirre submitted his fee agreement. Accordingly, even if the clock began to run on May 14, 2009 – and well-settled authority establishes that it did not – the 20-day time period would not have expired, and Mr. Aguirre would not have constructively exhausted his administrative remedies, until after June 12, 2009.  Therefore, contrary to Mr. Aguirre's allegations (see Compl. ¶ 30), under no circumstances was the Department of Treasury required to respond to Mr. Aguirre's requests by or before June 12, 2009.

Tuchinsky v. Selective Serv. Sys., 418 F.2d 155, 158 (7th Cir. 1969)) ("The exhaustion of remedy rule is not satisfied by leapfrogging over any substantive step in the administrative process.").

Mr. Aguirre's failure to exhaust administrative remedies prior to filing the present action deprives this Court of jurisdiction over Mr. Aguirre's Complaint. Accordingly, the Complaint must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

DATED: July 24, 2009

Respectfully Submitted,

TONY WEST
Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director


s/ Bonnie J. Prober
BONNIE J. PROBER
Trial Attorney
United States Department of Justice, Civil Division
Federal Programs Branch
P.O. Box 883
Washington, DC 20044
(202) 305-0528
(202) 616-8470 (fax)
Bonnie.Prober@usdoj.gov

*Attorneys for Defendant*